BURDETTE v. JACKSON et al.

(Circuit Court of Appeals, Fourth Circuit. May 4, 1910.)

No. 951.

BANKRUPTCY (§ 396*)—EXEMPTIONS—CEMETERY LOTS.

Code Pub. Gen. Laws Md. 1904, art. 23, § 134, which provides that every burial lot sold or conveyed in a cemetery shall be held for the "sole purpose of sepulture and none other," and shall not be subject to attachment or execution, nor affected by the insolvent laws, exempts only such lots as are held by the owner for purposes of sepulture, and a bankrupt owning a number of such lots, only one of which is so held, is not entitled to claim exemption in any of the others.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

Petition to Superintend and Revise in Matter of Law Proceedings of the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy.

In the matter of Charles B. Burdette, bankrupt. On petition by bankrupt to revise order of District Court. Affirmed.

On the 25th of November, 1908, the petitioner by voluntary proceedings, was adjudged a bankrupt, and in due course a discharge followed. Almost a year afterward petitioner filed an amended Schedule B, by which he added ten (10) lots in Lorraine Cemetery, near Baltimore city, state of Maryland, which lots are numbered, respectively, 314, 360, 313, 391, 421, 363, 390, 311, 308, and 331, and which he classed as exempt, claiming that his trustees should set them apart, so that they could be retained by him as his own property. These lots were separate and segregated, and nine of them the trustees refused to relinquish, and allotted to the bankrupt one burial lot, No. 331, which was the only one that the bankrupt held and used for purposes of sepulture for himself and family. In addition to this one lot, the bankrupt was also allotted his cash exemption of $100, allowed under the Maryland laws. Thereupon an order was procured requiring the trustees to show cause why they should not set over to the bankrupt as his exempted property the nine lots. An answer on the part of the trustees was filed thereto, and upon the hearing the lower court decided that the trustees were vested with a beneficial interest in the nine of said several lots, and accordingly the bankrupt was ordered to assign the certificates of ownership in the same to the purchasers from his trustees. The case comes here on a petition to superintend and revise.

Richard S. Culbreth and George C. Thomas (J. J. McNamara, on the brief), for petitioner.

F. W. Feldner, for respondents.

Before PRITCHARD, Circuit Judge, and BOYD and DAYTON, District Judges.

PRITCHARD, Circuit Judge (after stating the facts as above). It is contended by the petitioner that these lots are not subject to attachment or execution, or affected by the insolvent laws of Maryland, and this contention is based upon section 134, art. 23, of the Public Laws of Maryland, which reads as follows:

"Every burial lot sold or conveyed in said cemetery shall be held by the proprietors thereof for the sole purpose of sepulture, and none other, and shall not in any manner be subject to attachment or execution or affected by the insolvent laws of this state; but the estate of the owner or owners in their

respective lots shall descend as real estate to heirs, may be devised by will, or may be disposed of by the owners by sale with the approval of the president and managers of the corporation."

The final resting place of the dead has in all ages been properly regarded as sacred ground, and it was in recognition of this fact that the Legislature of Maryland enacted this statute. Under its provisions, one holding a cemetery lot for burial purposes in the state of Maryland cannot be deprived of the same by attachment or execution, nor is same affected by the insolvent laws of that state. It was manifestly the purpose of the Legislature to protect a proprietor owning a lot of this character from the annoyance and humiliation incident to having the same subjected to court process. That this statute was intended to apply only to such lots as might be held for the personal use of the proprietor, clearly appears from the provision in the statute to the effect that:

"Every burial lot sold or conveyed shall be held by the proprietors thereof for the sole purpose of sepulture, and none other. * * *"

It plainly appears from the record that only one of these lots was bought for sepulture purposes. The petitioner, among other things, says:

"That the lot which your petitioner has used as a place of sepulcher for his family is No. 331."

He then gives the numbers of each of the other lots, amounting in all to nine, and these numbers show that they are scattered about in various parts of the cemetery; there being only two that are contiguous. The location of these lots, and the numbers, clearly indicate that it was not the purpose of the petitioner, in purchasing the same, to use them for burial purposes within the meaning of the Maryland law, under which the petitioner now seeks to have them exempted from being sold as a part of his assets.

By virtue of the provisions of this statute a sufficient amount of land may be held by an individual for burial purposes—whether it be one or two lots—provided it is held for such purposes only. But in this instance only one lot is claimed by the petitioner to be held for such purposes, and there is no intimation that any of the other lots are needed for the personal use of the petitioner in that respect. The amount of land held for such purposes would depend upon the size of one's family, and it might, in some instances, be necessary for an individual to hold more than one lot for such purposes; and in that event we think that any reasonable amount of land dedicated and held for the personal use of the owner thereof for burial purposes only, would come within the purview of the statute.

It cannot be reasonably contended that, under the provisions of this statute, one may hold a number of lots, and hold them purely for speculative purposes, and thus be enabled to evade the insolvent laws of that state. Under the laws of Maryland, the petitioner is undoubtedly entitled to hold the lot which he has selected for burial purposes, and this right guarantees to himself and family decent interment, and is in the nature of an assurance that he and those who may come after

him may hold and retain this spot as a last resting place, notwithstanding the petitioner may be unable to meet his financial obligations.

In the case of Gill v. Cacy, 49 Md. 243, the Court of Appeals of that state, in referring to the proper interpretation to be placed upon a statute, said:

"The intention of the Legislature is to be carried out, and that intention is to be collected from the words of the statute, by considering every part of it, as well as the cause or necessity of making the act or from foreign circumstances."

Applying this rule, we find that the purpose of the statute is to exempt from attachment, execution, or the insolvent laws of the state, a lot to be held by the individual "for the sole purpose of sepulture, and none other." This is the entire scope of the statute, and in determining the questions involved in this controversy, keeping in mind the legislative intent, we are necessarily forced to the conclusion that only the portion of land, or, as in this instance, the lot, set aside by the petitioner for burial purposes, is exempted from the operation of the provisions of the law designed for the enforcement of the collection of debts.

Under the provisions of section 217, art. 23, of the Maryland Code, all money or other benefit and relief to be paid by any fraternal organization is exempt from seizure under any process; also under section 8 of article 83, $100 worth of property, as well as all money payable in the nature of insurance benefit or relief, is exempted. Section 11, art. 83, exempts all wearing apparel, mechanical text-books, books of professional men, tools and other mechanical instruments and appliances moved or worked by hand, necesssary to the practice of any trade or profession and used in the practice thereof.

Thus it will be seen that ample provision is made for the protection of those who may be in financial distress, and these provisions are independent of the one which relates to property held for burial purposes, and it is under them, and them alone, that the citizen of Maryland can claim exemption for property which he owns, other than land for burial purposes.

For the reasons stated, the judgment of the court below is affirmed.